```
 1  GERALD T. McFADDEN (SBN 87446)
    Attorney at Law
 2  2366 Front Street
    San Diego, CA  92101
 3  (619) 338-0507
    E-mail:  gtmfadden@hotmail.com
 4

 5  Attorney for Defendant
    JOSE MARTIN MEDINA-AGUIRRE
 6

 7
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. WILLIAM Q. HAYES)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. Case No. 08CR2420-WQH |
| | ) | |
| Plaintiff, | ) | NOTICE OF MOTIONS AND MOTIONS |
| | ) | FOR DISCOVERY AND LEAVE TO FILE |
| v. | ) | FURTHER MOTIONS |
| | ) | |
| JOSE MARTIN MEDINA-AGUIRRE, | ) | |
| | ) | |
| Defendant. | ) | NCD: September 8, 2008 |
| _____ | ) | at 2:00 p.m. |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY,
      STEPHEN F. MILLER, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on Monday, September 8, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, JOSE MARTIN MEDINA-AGUIRRE, through his appointed counsel, Gerald T. McFadden, will bring the following motions.

## **MOTIONS**

The defendant, JOSE MARTIN MEDINA-AGUIRRE, by and through his appointed counsel, Gerald T. McFadden, and pursuant to the provisions of Rules 12 and 16 of the Federal Rules of Criminal Procedure and the Fourth, Fifth and Sixth Amendments to the United States' Constitution, hereby moves this Court:  for discovery; for leave to file further pretrial motions and a further hearing date.

1       These motions are based upon the instant motions and notice of motions, the attached statement of facts and points and authorities in support of these motions, and any and all matters that may come to the Court's attention prior to or at the time of the hearing of these motions.

                              Respectfully submitted,

Dated: August 4, 2008                   s/Gerald T. McFadden
                                          GERALD T. McFADDEN, Attorney for
                                          Defendant JOSE MARTIN MEDINA-AGUIRRE
                                          E-mail: gtmfadden@hotmail.com

GERALD T. McFADDEN (SBN 87446)
Attorney at Law
2366 Front Street
San Diego, CA  92101
(619) 338-0507
E-mail:  gtmfadden@hotmail.com

Attorney for Defendant
JOSE MARTIN MEDINA-AGUIRRE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>JOSE MARTIN MEDINA-AGUIRRE,<br><br>            Defendant. | Crim. Case No. 08CR2420-WQH<br><br>STATEMENT OF FACTS AND<br>POINTS AND AUTHORITIES<br>IN SUPPORT OF MOTIONS<br><br>NCD:  September 8, 2008<br>         at 2:00 p.m. |

**I.  STATEMENT OF FACTS**

The defendant, JOSE MARTIN MEDINA-AGUIRRE, is charged with attempted entry into the United States on May 29, 2008, after deportation subsequent to June 30, 1989, in violation of 8 U.S.C. § 1326.  Some discovery has been made available.  Discovery also is outstanding including review of the defendant's "A" file.

The defense requests leave to file substantive motions after review of discovery and investigation.

**II.  POINTS AND AUTHORITIES**

A.     DISCOVERY.

On July 24, 2008, defense counsel made a written request for discovery which is attached hereto as Exhibit A.  The defense requests that the discovery requested in Exhibit A be provided and that this Court enter appropriate orders under F.R.Cr.P. 16.  Rule 16 proscribes the minimum amount

1

1  of discovery to which the parties are entitled. This Court has the power to order broader discovery;
2  including the identity of the witnesses. United States v. Cadet, 727 F.2d 1453, 1468-1469 (9th Cir
3  1984); United States v. Sims, 637 F.2d 625, 629 (9th Cir. 1980); United States v. Armstrong, 621
4  F.2d 951, 954-55 (9th Cir. 1980); United States v. Richter, 488 F.2d 170, 173-75 (9th Cir. 1973). The
5  defense further requests that government agent rough notes be preserved and made available at the
6  time of the pretrial motion hearing.
7        The defense requests that this Court order the disclosure of the Grand Jury transcripts in this
8  case pursuant to F.R.Cr.P. 6(e)(3)(C)(i), its supervisory power, and the common-law right of access
9  to public records.
10       This request involves two separate categories of disclosure.
11       First, the defense requests a transcript of the Court's instructions or explanation regarding the
12 law governing the cases to the Grand Jury and any prosecution explanations of the law to the Grand
13 Jury.
14       The transcript of the instructions does not implicate any of the reasons underlying the general
15 rule of secrecy of Grand Jury proceedings. Douglas Oil Co. of Cal. v. Petrol Stops Etc., 441 U.S.
16 211, 218-19, 99 S.Ct. 1667, 1672-73 (1979); 8 Moore's Federal Practice ¶6.05(1). A need for
17 secrecy of this aspect of the transcript or Grand Jury proceeding itself is nonexistent. As the concept
18 of particularized need is a balance of the need for secrecy and the need for disclosure, 8 Moore's
19 Federal Practice ¶6.05(3), and there is no secrecy need to weigh here, disclosure should be granted.
20 Moreover, since this aspect of the Grand Jury proceeding and transcript does not presently implicate
21 any of the purposes or reasons involved in the doctrine of Grand Jury secrecy, this Defendant has a
22 common-law right to access to this aspect of the proceedings which may not be denied absent
23 specific and substantial reasons for a refusal of access. Such reasons for refusal do not exist here.
24 See, In Re Special Grand Jury (For Anchorage, Alaska), 674 F.2d 778 (1982).
25       There is no secrecy interest here and such transcripts should be produced, United States v.
26 Alter, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973). In United States v. Alter, supra, involving the
27 appeal from a civil contempt adjudication stemming from a refusal to answer questions by a federal
28 grand jury, the Ninth Circuit stated:

1  "Alter was entitled to know the content of the court's charges to the grand jury. The proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not. *E.g.*, U. S. Judicial Conference Committee on the Operation of the Jury System, Handbook for Federal Grand Jurors 10 (1971)."

4  Finally, such transcripts could bear upon potential defense motions to dismiss.

5  It is of course possible that the Court instruction (apart from any instructions by government counsel which are also requested) may be the same or similar to that involved in United States v. Marcucci, 299 F.3d 1156, 1159 (9th Cir. 2002), cert. denied, 538 U.S. 934, 123 S.Ct. 1600 (2003). Even if so, there are issues arising from such an instruction that were not resolved in the Marcucci decision.

10  Second, defense requests the transcript of the testimony of witnesses before the Grand Jury. There is of course no question that the defense is entitled to the transcript of the Grand Jury testimony of a witness after such a witness's direct examination at trial. Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840 (1966). Most of the reasons for the secrecy of Grand Jury proceedings do not exist at all after the indictment has been disclosed. To the extent that any reason for secrecy is still applicable at this stage, it does not outweigh a defendant's right and interest in adequate preparation for trial after the indictment has been disclosed and the defendant brought before the Court — at least insofar as access to the transcript of testimony before the Grand Jury by an individual who will be a government witness at trial.

19  B.  LEAVE TO FILE FURTHER PRETRIAL MOTIONS AND FURTHER HEARING DATE.

21  The defense requests leave to file further pretrial motions and a further hearing date as the facts are further developed and the defense has had the opportunity to review discovery.

### III. CONCLUSION

24  For these reasons and any further reasons which come to this Court's attention prior to or at

25  ///
26  ///
27  ///
28  ///

3

1 | the time of the hearing of these motions, counsel respectfully requests that this Court grant these
2 | motions.

3                              Respectfully submitted,

4   Dated: August 4, 2008       s/Gerald T. McFadden
                                GERALD T. McFADDEN, Attorney for
5                               Defendant JOSE MARTIN MEDINA-AGUIRRE
                                E-mail: gtmfadden@hotmail.com

EXHIBIT A

Gerald T. McFadden<br>
Attorney At Law<br>
The Garrettson House<br>
2366 Front Street<br>
San Diego, California 92101-1414<br>
(619) 338-0507<br>
Fax (619) 239-5872

Fax Only (235-4716)

July 24, 2008

Carla J. Bressler
Assistant U. S. Attorney
880 Front Street
Room 6293
San Diego, CA 92101-8893

Re:    USA v. Medina-Aguirre
       08cr2420-GT

Dear Ms.Bressler:

    I acknowledge prior receipt of discovery pages 1 –119 and a post-arrest interview CD.

    Would you please advise of the date and place of the removal referred to in the indictment and provide the documents relating to that event and the tape or transcript if any of the removal hearing; and, the same information and documentation as to any other exclusion, deportation and/or removal which was relied upon for, or predated or postdated, the removal referred to in the indictment, or which you will introduce evidence of at trial.

    Would you also please provide a copy of my client's "A" file.

    Generally, please accept this letter as my request for discovery of those items covered by F.R. Crim.P. 16(a) (1) (A) - (G), and F.R. Evid. 404(b), and also specifically for those items set forth below:

1. All oral, written or recorded statements or testimony in the Government's possession, made by the defendant and codefendants, all reports related to the circumstances of such statements; and a copy of any Miranda warning form and waiver form utilized in connection with questioning of the defendant.

2. A copy or inspection of any books, papers, documents, photographs, or tangible objects obtained from or belonging to the Defendant, or which will be used in the Government's case in chief or are otherwise material to the preparation of this Defendant's defense and any and all reports relating to the circumstances under which such books, papers, documents, etc., came into the possession of the Government.

 Would you please advise under F.R. Crim. P. 12(b)(4)(B) what physical evidence or observations from any searches in this case you intend to introduce into evidence.

EXHIBIT A

Page 2
AUSA Carla J. Bressler
Re: U.S.A. v. Medina-Aguirre
July 24, 2008

3. Disclosure of the names and identity of expert witnesses the Government intends to call at trial, their qualifications, subject of testimony, and reports; and the results of tests, examinations or experiments which are material to the preparation of this Defendant's defense or which are intended for use by the Government as evidence in chief at the trial; and a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. Pursuant to F.R.Cr.P. 16(a)(1)(G), this summary must describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

4. A copy of or disclosure of this defendant's prior criminal record, if any; and a copy of the prior criminal records of the codefendants.

5. Disclosure of any and all prior similar crimes, wrongs or acts, if any, or convictions of a similar nature to the charge in this case, if any, which the Government may seek to rely upon or introduce as evidence at any hearing or trial in this case for any purpose including proof of knowledge or intent on the part of the Defendant, codefendants or coconspirators in this case, and the investigative reports and witnesses concerning such acts.

6. Any and all evidence in the Government's possession or which could be reasonably acquired by the Government which would be favorable to this Defendant on the issues of guilt or sentencing under the principles of Brady v. Maryland 373 U.S. 383 (1963) and Giglio v. United States, 405 U.S. 153 (1972). The defense requests any information which would tend to attenuate, exculpate, exonerate or mitigate this Defendant's involvement in the circumstances involved in the Indictment. The defense requests that you inquire of the agents and witnesses involved in the investigation and prosecution of this Indictment.

7. The identities of known unindicted accomplices, aiders and abettors, or coconspirators.

8. Please advise of any identification procedure (photographic, in person, or otherwise), and provide any documents relating thereto, involving this defendant.

9. Disclosure of whether or not there has been any electronic surveillance of this defendant or the co-defendants and/or their various premises in this case and the investigation of this case.

10. Any and all voice records, tapes, mechanical or electrical recordings, logs, records, reports, memoranda, notes, letters or directives of any electronic or other surveillance of any wire or oral communications, including pen register data, relating to this defendant or the co-defendants in this case including any such records and/or surveillance as to which a party to the conversation allegedly consented.

11. Disclosure of the prior convictions of persons whom the government intends to call as witnesses at any hearing or trial in this case.

12. The name(s) and identities of any informant(s) and/or cooperating individual(s) involved in any investigation underlying this indictment and the prosecution of this indictment and/or who

Page 3
AUSA Carla J. Bressler
Re: U.S.A. v. Medina-Aguirre
July 24, 2008

are witnesses to any events, incidents, or conversations relating to the alleged criminal activity underlying this indictment.

13. With respect to the informant(s) and witnesses referred to in Items No. 11 and 12, the disclosure of: (i) any and all prior convictions of the informant(s) and other government witnesses; (ii) any and all prior bad acts of the informant(s) and other government witnesses; (iii) any and all considerations given to or promises made to the informant(s) and other government witnesses; (iv) any and all advisements of potential charges or imprisonment and/or fines; (v) any and all threats made by the government or coercion applied by the government against the informant(s) and other government witnesses; (vi) any and all prior testimony of the informant(s); (vii) any and all information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence, witnesses, and informant(s) or which could arguably lead to such records or such information, including any evidence or information tending to show the potentiality for bias on the part of government informant(s) and government witnesses, the narcotic habits of the informant(s) and government witnesses at the time of or prior to the relevant events, and/or the informant(s)' or government witnesses' personal dislike of any of the defendants in this indictment; and, (viii) the number of investigations in which the informant(s) have participated on behalf of the government, the nature of and total amount of remuneration or considerations provided to the informant(s) pursuant to such activities, and the consideration and/or remuneration provided to or promised to the informant(s) as a result of the investigation or investigations underlying this indictment.

14. The opportunity to interview any informant(s) and/or cooperating individual(s) sufficiently in advance of trial so that any further investigation which may be necessary may be accomplished without interrupting the trial itself.

15. Disclosure of transcripts of instructions to the grand jury in this case.

16. Disclosure of the transcripts of testimony of grand jury witnesses whom the government intends to call in its case in chief.

17. Disclosure of the names of the government's witnesses and their statements.

18. The review of witness files pursuant to *U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

Thank you for your cooperation.

Sincerely,

GTM

Gerald T. McFadden
Attorney at Law

1  GERALD T. McFADDEN (SBN 87446)
   Attorney at Law
2  2366 Front Street
   San Diego, CA  92101
3  (619) 338-0507
   E-mail:  gtmfadden@hotmail.com
4

5  Attorney for Defendant
   JOSE MARTIN MEDINA-AGUIRRE
6

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10                        (HON. WILLIAM Q. HAYES)

11  UNITED STATES OF AMERICA,        )     Crim. Case No. 08CR2420-WQH
                                     )
12                  Plaintiff,       )     CERTIFICATE OF SERVICE
                                     )
13  v.                               )
                                     )
14  JOSE MARTIN MEDINA-AGUIRRE,      )
                                     )
15                  Defendant.       )     NCD:  September 8, 2008
    _____)            at 2:00 p..m.
16

17  IT IS HEREBY CERTIFIED THAT:

18      I, GERALD T. McFADDEN, am a citizen of the United States and am at least eighteen years of age.  My business address is 2366 Front Street, San Diego, California 92101.
19
        I am not a party to the above-entitled action.  I have caused service of the NOTICE OF
20  MOTIONS AND MOTIONS FOR DISCOVERY; AND LEAVE TO FILE FURTHER PRETRIAL
    MOTIONS AND FURTHER HEARING DATE; STATEMENT OF FACTS AND POINTS AND
21  AUTHORITIES IN SUPPORT OF MOTIONS, and CERTIFICATE OF SERVICE on the following
    parties by electronically filing the foregoing with the Clerk of the District Court using its ECF
22  System, which electronically notified them

23      1.      Assistant United States Attorney Stephen F. Miller

24      I declare under penalty of perjury that the foregoing is true and correct.

25      Executed on August 4, 2008.

26                                       s/Gerald T. McFadden
                                         GERALD T. McFADDEN, Attorney for
27                                       Defendant JOSE MARTIN MEDINA-AGUIRRE
                                         E-mail:  gtmfadden@hotmail.com
28