KAREN P. HEWITT
United States Attorney
STEVE MILLER
Assistant U.S. Attorney
California State Bar No. 138020
United States Courthouse
940 Front Street, Room 5152
San Diego, California  92189-0150
Telephone: (619) 557-5432
Steve.Miller@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08cr2420-WQH |
| ) | |
| Plaintiff, ) | DATE: September 8, 2008. |
| ) | TIME: 2:00 p.m. |
| v. ) | |
| ) | GOVERNMENT'S RESPONSE AND |
| JOSE MARTIN MEDINA-AGUIRRE, ) | OPPOSITION TO DEFENDANTS' |
| ) | MOTIONS TO: |
| Defendant. ) | |
| ) | (1) DISMISS INDICTMENT FOR |
| ) | INVALID DEPORTATION; AND |
| ) | (2) TO FILE FURTHER MOTIONS |
| ) | |
| ) | TOGETHER WITH GOVERNMENT'S |
| ) | MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steve Miller, Assistant United States Attorney, and hereby files its response and opposition to defendants' above-referenced motions. Said response is based upon the files and records of this case, together with the attached statement of facts, memorandum of points and authorities.

**I**

**STATEMENT OF FACTS**

On November 7, 1990, defendant JOSE MARTIN MEDINA-AGUIRRE was convicted of 8 counts of California Penal Code, Section 288 and 289, and was sentenced to 8 years in state prison.

Subsequently, defendant was deported on April 25, 2008.  This deportation was ordered after defendant litigated the deportation before the immigration court.  Copies of the immigration documents and Immigration Board of Appeals briefing and decision have been provided to defendant.

Four days later, on April 29, 2008, at approximately 1:30 p.m., defendant went to the pedestrian primary inspection area at Calexico Port of Entry and presented a DSP-150 Laser Visa card bearing the name of "Jorge Alberto Singh-Ibarra."  CBP Officer Garcia examined the card and observed that defendant did not appear to be the same individual whose picture was on the card.  Defendant was referred to secondary for further inspection.

Once the officers determined defendant's true identity, he was advised of his <u>Miranda</u> rights.  Defendant waived his <u>Miranda</u> rights and told the officers that he was a Mexican citizen who was born in Guadalajara, Jalisco, Mexico.  He admitted that he had been previously deported fro the United States and that he bought the DSP-150 card from someone in Mexico.

//

//

//

//

//

## II

### POINTS AND AUTHORITIES

A.   THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH
     RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The Government has provided 119 pages of pre-indictment discovery and 142 pages of post-indictment discovery.  Government will continue to provide voluntary discovery when it becomes available and will comply with Rule 16 and its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and 18 U.S.C. § 3500.

The Government gives specific notice of its intent to offer evidence of other acts under Rule 404(b).  By this notice, the Government reserves the right to offer any evidence, of any act, that was performed by the defendant, that is referenced in any of the discovery.  These acts include, but are not limited to any of defendant's prior crossings, prior deportations, prior statements regarding citizenship and any prior felony.  The acts also include, but are not limited to events that only become relevant once defendant's theory of the case is revealed.

B.   ANY LEAVE FOR DEFENDANT TO FILE FURTHER
     MOTIONS SHOULD BE STRICTLY LIMITED

While the government recognizes this court's discretion to permit defendant to file further motions, the Government does oppose defendant's motion to the extent it is conjectural, overly broad and invites abuse.  Any need for further motions should be justified at the time they are filed, permitting both the Government to oppose on a motion-by-motion basis and this court to determine if such motions could in fact have been filed earlier.  Any other course would invite an interminable and protracted motion practice, resulting in delay of trial.

08cr2420-WQH

C.   THE GOVERNMENT'S MOTION FOR RECIPROCAL
     DISCOVERY SHOULD BE GRANTED

     1.   Rule 16(b)

The defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery.  In addition, the Government voluntarily will comply with the requirements of Federal Rule of Criminal Procedure 16(a).  Thus, the 16(b) provision of that rule are operable as to defendant.

The Government, pursuant to Rule 16(b), hereby requests the defendant to permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case in chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of the defendant, which he intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call as a witness.  The Government also requests that the Court make such orders as it deems necessary under Rule 16(d)(1) and (2) to ensure that the Government receives the discovery to which it is entitled.

     2.   Rule 26.2

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses except the defendant.  The Rule thus provides for the reciprocal production of Jencks statements.  As stated in pertinent part:

4

1
2
3
> After a witness other than the defendant has testified on
> direct examination, the court, on motion of a party who did
> not call the witness, shall order the attorney . . . to
> produce, for the examination and use of the moving party,
> any statement of the witness that is in their possession .
> . . .

4

Fed. R. Crim. P. 26.2(a).

5
6
7
8
9
10
11
12
The time frame established by the Rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the Government hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court.  This order should include any form these statements are memorialized in including, but not limited to, tape recordings, handwritten or typed notes and reports.

13
> D.   THE GOVERNMENT'S MOTION FOR FINGER
>      PRINTS SHOULD BE GRANTED

14
15
16
The Government moves this court to permit the Government's fingerprint expert to take defendant's fingerprints in anticipation of trial testimony linking defendant to the warrant of deportation.

17
**III**

18
**CONCLUSION**

19
20
21
For the foregoing reasons, the Government respectfully requests that defendant's motions be denied and the Government motions be granted.

22
DATED:  August 11, 2008.

23
Respectfully submitted,

24
KAREN P. HEWITT
United States Attorney

25
26
*S/ Steve Miller*
_____

27
STEVE MILLER
Assistant U.S. Attorney

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cr2420-WQH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| JOSE MARTIN MEDINA-AGUIRRE | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, Steve Miller, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    **1. Gerald McFadden, gtmcfadden@hotmail.com**

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    **1.    None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on August 11, 2008

                          s/ Steve Miller
                          STEVE MILLER