GERALD T. McFADDEN (SBN 87446)
Attorney at Law
2366 Front Street
San Diego, CA 92101
(619) 338-0507
E-mail: gtmfadden@hotmail.com

Attorney for Defendant
JOSE MARTIN MEDINA-AGUIRRE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>JOSE MARTIN MEDINA-AGUIRRE,<br><br>           Defendant. | Crim. Case No. 08CR2420-WQH<br><br>NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT BASED ON INSUFFICIENT ALLEGATIONS, VAGUENESS, AND DUPLICITY<br><br>NCD: September 8, 2008<br>           at 2:00 p.m. |

TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY,
       STEPHEN F. MILLER, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on Monday, September 8, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, JOSE MARTIN MEDINA-AGUIRRE, through his appointed counsel, Gerald T. McFadden, will bring the following motion.

## **MOTION**

The defendant, JOSE MARTIN MEDINA-AGUIRRE, by and through his appointed counsel, Gerald T. McFadden, and pursuant to the provisions of Rules 7, 8, 12 and 16 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States' Constitution, hereby moves this Court: to dismiss the charge of 8 U.S.C. § 1326(b) in the indictment based on insufficient allegations, vagueness and duplicity.

1 | This motion is based upon the instant motion and notice of motion, the attached statement of
2 | facts and points and authorities in support of this motion, and any and all matters that may come to
3 | the Court's attention prior to or at the time of the hearing of this motion.

Respectfully submitted,

Dated: August 25, 2008

s/Gerald T. McFadden
GERALD T. McFADDEN, Attorney for
Defendant JOSE MARTIN MEDINA-AGUIRRE
E-mail: gtmfadden@hotmail.com

GERALD T. McFADDEN (SBN 87446)
Attorney at Law
2366 Front Street
San Diego, CA  92101
(619) 338-0507
E-mail:  gtmfadden@hotmail.com

Attorney for Defendant
JOSE MARTIN MEDINA-AGUIRRE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. WILLIAM Q. HAYES)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. Case No. 08CR2420-WQH |
| Plaintiff, | ) | STATEMENT OF FACTS |
| | ) | AND POINTS AND AUTHORITIES |
| v. | ) | IN SUPPORT OF MOTION |
| JOSE MARTIN MEDINA-AGUIRRE, | ) | |
| Defendant. | ) | NCD:  September 8, 2008 |
| | ) | at 2:00 p.m. |

**I.  THE INDICTMENT**

The caption of the indictment states "Title 8, U.S.C., Secs. 1326 (a) and (b) - Attempted Entry After Deportation."

The indictment as pertinent states:

> "The grand jury charges:  On or about May 29, 2008, ... defendant ... an alien, knowingly and intentionally attempted to enter ... without the express consent of the Attorney General ... after having been previously excluded, deported and removed from the United States ... all in violation of Title 8, United States Code, Sections 1326 (a) and (b).
>
> It is further alleged that defendant ... was removed from the United States subsequent to June 30, 1989."

The indictment charges all of section (b) which includes subsections (1) through (4).

**II.  OVERVIEW**

The indictment specifically alleges a violation of Section 1326(b) without reference to which

1

of four subparagraphs or related facts are involved. This is manifestly insufficient as a matter of constitutional and statutory law.

It is of course true that in Almendarez-Torres, 523 U.S. 224 (1998), the Supreme Court interpreted the 1995 version of § 1326(b) — (b)(1) and (b)(2) — as setting forth sentencing factors and not separate criminal offenses.

But, § 1326(b) has been amended to add subparagraphs (b)(3) and (b)(4) which are clearly separate criminal offenses; and the indictment's general reference to their violation is constitutionally and statutorily inadequate. With the 1996 amendments to and directives regarding § 1326(b), Congress intended all four subparagraphs of § 1326(b) to set forth separate criminal offenses as of that time.

The indictment's charge of a violation of all of subsection (b) charges two and more offenses in a single count in violation of F.R.Cr.P. 8.

Finally, even apart from the 1996 amendments, the indictment is insufficient under United States v. Salzar-Lopez, 506 F.3d 748 (9th Cir. 2007).

### III. THE 1996 AMENDMENT TO § 1326(b) AND ALMENDAREZ-TORRES

Section 1326(b) was amended after the 1995 version interpreted in Almendarez-Torres v. United States, 523 U.S. 224 (1998).

It is the defense position that Congress intended and the amended § 1326(b) provides that subparagraphs (b)(1) through (b)(4) set out separate criminal offenses.

In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that Congress intended the Section 1326(b), in effect in 1995, to set forth sentencing factors and not separate criminal offenses (Id. at 235) and that the constitution did not preclude the legislature from authorizing a higher statutory maximum sentence for recidivism (as § 1326(b)(2) does) as a sentencing factor rather than an element of the offense (Id. at 236-237).

The Supreme Court's interpretation of 1326(b) — that it set forth a sentencing factor and not a separate criminal offense — was strongly influenced by the fact that in the 1995 version of the statute "the provision simply authorizes an enhanced sentence when an offender also has an earlier conviction" ..."simply authorizes a court to increase the sentence for a recidivist." (Id. at 226.) In

2

looking at the statute's language to determine Congress' intent, the Court stated "At the outset we note that the relevant statutory subject matter is recidivism.  That subject matter — prior commission of a serious crime — is as typical a sentencing factor as one might imagine....  Perhaps reflecting this fact, the lower courts have almost uniformly interpreted statutes (that authorize higher sentences for recidivists) as setting forth sentencing factors, not as creating new crimes, (at least where the conduct, in the absence of the recidivism, is independently unlawful).  ...  With recidivism in mind, we turn to the statute's language." (Id. at 230, citations omitted.)

In 1995, the subsection (b) provisions only provided for increased penalties based on various prior convictions.

But in 1996, subsection (b) was amended.  In Almendares-Torres in connection with the interpretation of the earlier version of the statute, the Court stated the later amendments were "beside the point... do not declare the meaning of earlier law...[did not provide guidance] "about how courts should interpret the earlier provisions; [and], "[r]egardless, it is not obvious that the two new subsections ... create new crimes (a matter on which we express no view) nor, in adding them, did Congress do more than leave the legal question here at issue where it found it." (Id. at 237.)

The 1996 amendments added subparagraphs (b)(3) and (b)(4) and also a statutory directive referring to (b)(1) through (b)(4) as "offenses."

Section 1326(b) now contains 4 subparagraphs.  Each of these subparagraphs contain different material facts that fix a different higher maximum sentence than that fixed by the material facts set out in Section 1326(a).

Subparagraphs (1)[1] and (2)[2] reference various types of convictions as material facts which fix

///

///

---

[1] (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under title 18, United States Code, imprisoned not more than 10 years, or both.

[2] (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both.

3

different higher maximum sentences. Subsections (3)[3] and (4)[4] reference different material non-conviction facts which fix a different higher maximum sentence.

Subparagraph three references (1) aliens excluded on the basis that a consular officer or the Attorney General knows or has reason to believe that the alien sought to enter to engage even incidentally in an extraordinarily wide variety of conduct under a general heading of "security and related grounds" set out 8 U.S.C. § 1182(a)(3); and, (2) aliens removed under the alien terrorist removal procedures (8 U.S.C. § 1531 et. seq.) which applies again to an extraordinarily wide variety of conduct either within or outside of the United States. 8 U.S.C. § 1531(1), 8 U.S.C. § 1227(a)(4)(B), 8 U.S.C. § 1182(a)(3)(B) and (F).

Subparagraph four references aliens removed prior to the completion of a federal or state conviction for certain offenses under other specified conditions.

Also, Congress in 1996 directed the Sentencing Commission to amend the sentencing guidelines for "offenses" under § 1326(b). Sec. 334, 110 Stat. 3009-6007[5]; indicating that all the subparagraphs of § 1326(b) set out separate criminal offenses as of 1996.

As of the time of the 1996 amendments to Section 1326(b) and the legislative directive, Congress was aware of the caselaw distinction between offenses and sentencing factors and its significance, see, e.g., McMillan v. Pennsylvania, 477 U.S. 79, 85-86 (1986); aware that other legislatures had addressed the issue by expressly identifying certain matters as sentencing factors, Id.; aware of the caselaw discussion of this very issue regarding Section 1326(b)(1) and (b)(2), and the circuit court conflict on the issue. See, e.g., United States v. Vasquez-Olvera, 999 F.2d 943 (5th Cir.

---

[3] (3) who has been excluded from the United States pursuant to section 1225(c) of this title because the alien was excludable under section 1182(a)(3)(B) of this title or who has been removed from the United States pursuant to the provisions of subchapter V of this chapter, and who thereafter, without permission of the Attorney General, enters the United States, or attempts to do so, shall be fined under title 18, United States Code, and imprisoned for a period of 10 years, which sentence shall not run concurrently with any other sentence.

[4] (4) who was removed from the United States pursuant to section 1231(a)(4)(B) of this rule who thereafter, without permission of the Attorney General, enters, attempts to enter, or is at any time found in, the United States (unless the Attorney General has expressly consented to such alien's reentry) shall be fined under title 18, United States Code, imprisoned for not more than 10 years, or both.

[5] Almendarez-Torres v. United States, supra, 524 U.S. at 236-37; and at 269-70 (Scalia, J. dissenting).

4

1  1993) and Almendarez-Torres v. United States, supra, 523 U.S. at 227-28.

2       In interpreting Congress' intent, the courts presume that Congress enacts statutes with full
3  knowledge of the existing law, including caselaw. E.g., United States v. Gonzalez-Mendez, 150
4  F.3d 1058, 1060-61 (9th Cir. 1998), cert. denied, 525 U.S. 1010 (1998).

5       The language and factual references chosen by Congress for the 1996 amendments adding
6  subparagraphs (3) and (4) to Section 1326(b) are clearly that of offenses rather than sentencing
7  factors.

8       In light of this context, Congress' express choice to describe (b)(1) through (b)(4) as
9  "offenses" in its statutory directive regarding guideline penalty amendments manifests congressional
10 intent that, as of the 1996 statutory amendments and directives, subparagraphs (b)(1) and (b)(4) are
11 offenses and not sentencing factors. Bragdon v. Abbott, 524 U.S. 625, 632 (1998) ("Congress'
12 repetition of a well-established term carries the implication that Congress intended the term to be
13 construed in accordance with pre-existing ... interpretations"); Brewster v. Gage, 280 U.S. 327, 336
14 (1930) ("The deliberate selection of language so differing from that used in the earlier Acts indicates
15 that a change of law was intended"); Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999) ("When
16 Congress alters the wording of a statute, we presume that Congress intended a change in the law."),
17 cert. denied, 529 U.S. 1009 (2000); United States v. Averson, 162 F.3d 1015, 1023 (9th Cir. 1998).

18      And, as a matter of constitutional law as to subparagraphs (b)(3) and (b)(4), it is also so.
19 Jones v. United States, 526 U.S. 227, 244 n.1 (1999) ("[U]nder the Due Process Clause of the Fifth
20 Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than
21 prior conviction) that increases the maximum penalty for a crime must be charged in an indictment,
22 submitted to a jury, and proven beyond a reasonable doubt.")

23      The indictment does not allege which subsections of (b) is violated. The indictment does not
24 identify any of the many possible fact events covered in (b)(1) through (b)(4). The indictment does
25 not identify the related timing of the possible events.

26      **IV.  DISCUSSION OF SUFFICIENCY**

27      It has always been the constitutional law that, while the number and the language of a statute
28 may be used in the general description of an offense and may sometimes be adequate; an indictment

1  must always contain a full, direct, express, uncertain, unambiguous statement of all the elements

2  [material facts] necessary to constitute the offense [set of material facts] warranting a specific level

3  of maximum punishment.  United States v. Carll, 105 U.S. 611, 612 (1882).

4      This is still our constitutional and statutory law[6] even though the words used are not only

5  elements and offense but material facts, sets of material facts, and maximum punishments.

6      While one might observe in response to this motion that prosecutions under 8 U.S.C.

7  § 1326(b)(2) are commonplace in this district; such an observation would not address the merits of

8  the motion because neither discovery nor a bill of particulars can cure an invalid indictment;[7] an

9  individual defendant's place is not always a common one which is of course a practical reason to act

10 consistent with constitutional and statutory law; and, if properly challenged before trial, an

11 indictment's failure to allege an essential element [material fact] of a charged offense is not a minor

12 or technical flaw subject to harmless error analysis but a fatal flaw requiring dismissal of an

13 indictment.[8]

14

---

[6] The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." The Fifth Amendment provides that "[n]o person shall be held to answer for a . . . infamous crime, unless on a presentment or indictment of a Grand Jury . . . nor be deprived of life, liberty, or property, without due process of law . . ." F.R.Cr.P. 7 (c)(1) provides that "[t]he indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charge."

An indictment must furnish the defendant with a sufficient description of the charge against him: 1) to enable him to prepare his defense; 2) to insure that the defendant is being prosecuted on the basis of the facts presented to the grand jury; 3) to enable the defendant to plead jeopardy against a later prosecution; and 4) to inform the Court of the facts alleged so that it can determine the sufficiency of the charge. Russell v. United States, 369 U.S. 749, 763-64, 82 S.Ct. 1038, 1047 (1962).

[7] "[A] bill of particulars cannot save an invalid indictment. The very purpose of the requirement that a man be indicted by a grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge. ... Rather than the assurance that a body of fellow citizens had assessed the facts and determined that an individual should face prosecution, the prosecutor would be in a position to second guess what actually happened within the grand jury and fill in the gaps with what he assumed transpired. ... For similar reasons, 'open file' discovery cannot cure an invalid indictment." United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir. 1979).

[8] United States v. DuBo, 186 F.3d 1177, 1179 (9th Cir. 1999); United States v. Omer, 395 F.3d 1087, 1088 (9th Cir. 2005), cert. denied, 127 S.Ct. 1118 (2007); United States v. Salazar-Lopez, 506 F.3d 748 (9th Cir. 2007) (holding that, an indictment alleging a violation of § 1326(b) must allege that the defendant was removed from the United States subsequent to his conviction of a felony for punishment under (b)(2) and recognizing that DuBo was still the valid applicable law but not applying it in that case and applying a harmless error analysis because the omission of the allegation of the temporal relationship from the indictment was not objected to before trial).

The material fact possibilities and variations under § 1326(b) are so numerous and material fact allegations so absent from the indictment that the indictment's insufficiency is manifest and it must be dismissed.

### V. DUPLICITY — SECTION 1326(b)

The indictment charges more than two offenses [set of material facts] in a single count.

An indictment may not charge two (or more) offenses [set of material facts] in one count. F.R.Cr.P. 8(a); United States v. Aguilar, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985).

### VI. SECTION 1326 (b)(1) and (2)

If the Court decides that subparagraphs (b)(1) and (b)(2) are not offenses as of 1996 and the subparagraphs (b)(3) and (b)(4) are not charged in the indictment, the allegations of the indictment are still constitutionally and statutorily insufficient.

In United States v. Salazar-Lopez, 506 F.3d 748 (9th Cir. 2007), the Ninth Circuit indicated that to be sufficient, an indictment charging a violation of Section 1326(b)(1) or (2) must allege either that the defendant has been previously removed subsequent to a conviction (*i.e.*, for a misdemeanor, a felony, an aggravated felony, or a crime of violence), or it must allege a specific date of the prior removal. In this case, the indictment only alleges that the defendant "was removed from the United States subsequent to June 30, 1989." The indictment does not allege either that this removal occurred subsequent to a conviction or allege a specific date of the prior removal. Therefore, because the indictment does not allege all elements of Section 1326(b)(1) or (2), the indictment must be dismissed.

### VII. CONCLUSION

For these reasons and any further reasons that may appear at the hearing of this matter, the defendant, through counsel, respectfully requests that the Court grant this motion.

Respectfully submitted,

Dated: August 25, 2008                    s/Gerald T. McFadden
                                          GERALD T. McFADDEN, Attorney for
                                          Defendant JOSE MARTIN MEDINA-AGUIRRE
                                          E-mail: gtmcfadden@hotmail.com

1  GERALD T. McFADDEN (SBN 87446)
   Attorney at Law
2  2366 Front Street
   San Diego, CA  92101
3  (619) 338-0507
   E-mail: gtmfadden@hotmail.com
4

5  Attorney for Defendant
   JOSE MARTIN MEDINA-AGUIRRE
6

7

8                 UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10                   (HON. WILLIAM Q. HAYES)

11  UNITED STATES OF AMERICA,    )    Crim. Case No. 08CR2420-WQH
                                 )
12               Plaintiff,      )    CERTIFICATE OF SERVICE
                                 )
13  v.                           )
                                 )
14  JOSE MARTIN MEDINA-AGUIRRE,  )
                                 )
15               Defendant.      )    NCD:  September 8, 2008
    _____)          at 2:00 p..m.
16

17  IT IS HEREBY CERTIFIED THAT:

18        I, GERALD T. McFADDEN, am a citizen of the United States and am at least eighteen years
    of age.  My business address is 2366 Front Street, San Diego, California 92101.
19
          I am not a party to the above-entitled action.  I have caused service of the NOTICE OF
20  MOTION AND MOTION TO DISMISS THE INDICTMENT BASED ON INSUFFICIENT
    ALLEGATIONS, VAGUENESS, AND DUPLICITY; STATEMENT OF FACTS AND POINTS
21  AND AUTHORITIES IN SUPPORT OF MOTION, and CERTIFICATE OF SERVICE on the
    following parties by electronically filing the foregoing with the Clerk of the District Court using its
22  ECF System, which electronically notified them

23        1.    Assistant United States Attorney Stephen F. Miller

24        I declare under penalty of perjury that the foregoing is true and correct.

25        Executed on August 25, 2008.

26                          s/Gerald T. McFadden
                            GERALD T. McFADDEN, Attorney for
27                          Defendant JOSE MARTIN MEDINA-AGUIRRE
                            E-mail: gtmfadden@hotmail.com
28