```
1  GERALD T. McFADDEN (SBN 87446)
   Attorney at Law
2  2366 Front Street
   San Diego, CA  92101
3  (619) 338-0507
   E-mail:  gtmfadden@hotmail.com
4

5  Attorney for Defendant
   JOSE MARTIN MEDINA-AGUIRRE
6
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. WILLIAM Q. HAYES)

| UNITED STATES OF AMERICA, | ) | Crim. Case No. 08CR2420-WQH |
|---|---|---|
| Plaintiff, | ) | NOTICE OF MOTION AND MOTION TO SUPPRESS STATEMENTS |
| v. | ) | |
| JOSE MARTIN MEDINA-AGUIRRE, | ) | |
| Defendant. | ) | NCD: September 8, 2008 at 2:00 p.m. |

TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY,
       STEPHEN F. MILLER, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on Monday, September 8, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, JOSE MARTIN MEDINA-AGUIRRE, through his appointed counsel, Gerald T. McFadden, will bring the following motion.

**MOTION**

The defendant, JOSE MARTIN MEDINA-AGUIRRE, by and through his appointed counsel, Gerald T. McFadden, and pursuant to the provisions of Rules 12 and 16 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States' Constitution, hereby moves this Court:  to suppress statements.

This motion is based upon the instant motion and notice of motion, the attached statement of

1

1 facts and points and authorities in support of this motion, and any and all matters that may come to
2 the Court's attention prior to or at the time of the hearing of this motion.
3             Respectfully submitted,
4
5 Dated: August 25, 2008     s/Gerald T. McFadden
                 GERALD T. McFADDEN, Attorney for
6                  Defendant JOSE MARTIN MEDINA-AGUIRRE
                 E-mail:  gtmfadden@hotmail.com

GERALD T. McFADDEN (SBN 87446)
Attorney at Law
2366 Front Street
San Diego, CA  92101
(619) 338-0507
E-mail:  gtmfadden@hotmail.com

Attorney for Defendant
JOSE MARTIN MEDINA-AGUIRRE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. WILLIAM Q. HAYES)

| UNITED STATES OF AMERICA, | Crim. Case No. 08CR2420-WQH |
|---|---|
| Plaintiff, | STATEMENT OF FACTS AND POINTS AND AUTHORITIES |
| v. | |
| JOSE MARTIN MEDINA-AGUIRRE, | |
| Defendant. | NCD: September 8, 2008 at 2:00 p.m. |

## I. STATEMENT OF FACTS

The defendant, JOSE MARTIN MEDINA-AGUIRRE, is charged with being an alien who was previously deported and who attempted to enter the United States without official permission on May 29, 2008, in violation of 8 U.S.C. § 1326.

Some discovery has been provided to date but some remains outstanding.  Counsel requests leave to file additional substantive motions after review of additional discovery and investigation.  The defendant's A file is not yet fully available and the tape of the deportation has been ordered by but not yet been received by government counsel.

According to discovery and subject to amplification or contradiction, the defendant was contacted by a Border Protection Officer on April 29, 2008, at about 1:30 p.m. at primary inspection at the Calexico Port of Entry

The defendant presented a document for entry and the primary officer concluded the

1

1  defendant was an imposter and took the defendant into the secondary detention area and into
2  custody. There the defendant was examined and questioned about status and entry.
3  About 4 hours later, the defendant was given warnings, was then questioned as to his
4  citizenship and attempted entry into the United States and gave incriminating responses.
5  Apparently no physical evidence was seized from the defendant.

## II. POINTS AND AUTHORITIES

<u>MOTION TO SUPPRESS STATEMENTS MADE BY THE DEFENDANT AS OF THE TIME THE DEFENDANT WAS IN CUSTODY</u>

The defense moves to suppress any and all statements of defendant after custody and any fruits thereof on <u>Miranda</u>, and voluntariness grounds. The declaration of the defendant, under CrimLR 47.1(g), is attached as Exhibit A.

<u>     Miranda</u>

An individual is in custody when, under the circumstances, "a reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave." <u>Thompson</u> v. <u>Keohane</u>, 516 U.S. 99, __, 116 S.Ct. 457, 465 (1995).

The Government must prove that this defendant knowingly, intelligently, and voluntarily waived his rights against self-incrimination and to counsel, and must prove that the statements taken from this defendant were obtained in compliance with the defendant's Fifth and Sixth Amendment rights in the context of custodial interrogation. <u>Miranda</u> v. <u>Arizona</u>, *supra*, 384 U.S. 436, 445, 86 S.Ct. 1602, 1612, 16 L.Ed. 694 (1966).

> "Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: <u>the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation</u> of the defendant <u>unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination</u>. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of

2

|   |   |
|---|---|
| 1 | these rights, provided the waiver is made voluntarily, knowingly and intelligently.  If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning.  Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him.  The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned." Id. at 384 U.S. at 445, 86 S.Ct. at 1612, 16 LED.2d at 706-07.  (Footnote omitted.) (Emphasis added.) |

"If the interrogation continues without the presence of an attorney and a statement is taken, <u>a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.</u>  This Court has always set high standards of proof for the waiver of constitutional rights, and we re-assert these standards as applied to in-custody interrogation.  Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, <u>the burden is rightly on its shoulders</u>." Id., 384 U.S. at 475, 86 S.Ct. at 1628.  (Citation omitted.)  (Emphasis added.)

The failure to advise the defendant that anything said "can and will" be used against you rendered the warnings given inadequate.  As the Ninth Circuit stated in Collazo v. Estelle, 940 F.2d 411, 418 (9th Cir. 1991) (*en banc*), cert. denied, 112 S.Ct. 870 (1992):

"Miranda's stated purpose [is] of making 'the individual more acutely aware that he is faced with a phase of the adversary system - that he is not in the presence of persons acting solely in his interest.'"

The Court referenced that part of the Miranda decision where the Supreme Court stated:

"<u>The warning of the right to remain silent must be accompanied by the explanation that anything said can and will be used against the individual in court.  This warning is needed in order to make him aware not only of the privilege, but also of the consequences of forgoing it.</u>  It is only through an awareness of these consequences that there can be any assurance of real understanding and intelligent exercise of the privilege.  Moreover, this <u>warning</u> may serve to <u>make the individual more acutely aware that he is faced with a phase of the adversary system--that he is not in the presence of persons acting solely in his interest.</u>"  Miranda v. Arizona, 348 U.S. 436, 469 (1966).  (Emphasis added.)

Finally, the post warning questioning and statements of the defendant must be excluded under Missouri v. Seibert, 542 U.S. 600, 124 S.Ct. 2601 (2004).  This Court must suppress the post warning confession obtained during a deliberate two-step interrogation — within the meaning of

3

1 | Seibert — where the midstream Miranda warning was objectively ineffective to apprise the suspect
2 | of his rights. United States v. Williams, 435 F.3d 1148, 1150, 1159 (9th Cir. Jan. 30, 2006).
3 |     Voluntariness.
4 |     Before a confession or any self-incriminating statement made orally or in writing is
5 | admissible in evidence, the Court must determine that the confession was given voluntarily. Lego v.
6 | Twomey, 404 U.S. 477, 489, 92 S.Ct. 619, 626, 30 LED 2d 618 (1972); 18 U.S.C. §3501(a). The
7 | government bears the burden of establishing the confession's voluntariness. Lego v. Twomey,
8 | *supra*; United States v. Jenkins, 938 F.2d 934, 937 (9th Cir. 1991).

> "The ultimate test remains that which has been the only clearly established test in Anglo-American courts for two hundred years: the test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker: If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process." Schneckloth v. Bustamonte, 412 U.S. 218, 225-26, 93 S.Ct. 2041, 36 LED 2d 854 (1973). United States v. Jenkins, 938 F.2d 934, 938 (9th Cir. 1991).

14 |     Also "the admissibility of a confession turns as much on whether the techniques for
15 | extracting the statements ... are compatible with a system that presumes innocence and assures that a
16 | conviction will not be secured by inquisitorial means as on whether the defendant's will was in fact
17 | overborne." Miller v. Fenton, 474 U.S. 104, 116, 106 S.Ct. 445, 452, 88 LED. 2d 405 (1985);
18 | United States v. Jenkins, *supra*.
19 |     In considering whether a confession is voluntary the Court must take into consideration all
20 | the circumstances surrounding the giving of the confession. Schneckloth v. Bustamonte, 412 U.S.
21 | 218, 226-27, 93 S.Ct. 2041, 2047, 36 LED. 2d 854 (1973); 18 U.S.C. §3501(b). Relevant factors
22 | include past history, education, delay, threats, and promises. An unlawful arrest is a relevant factor.
23 | A Court must specifically consider the following five factors under 3501(b):

> (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving

1 such confession.

### III.  CONCLUSION

For these reasons and any further reasons which come to this Court's attention prior to or at the time of the hearing of this motion, counsel respectfully requests that this Court grant this motion.

Respectfully submitted,

Dated: August 25, 2008

s/Gerald T. McFadden
GERALD T. McFADDEN, Attorney for
Defendant JOSE MARTIN MEDINA-AGUIRRE
E-mail:gtmcfadden@hotmail.com

1  GERALD T. McFADDEN (SBN 87446)
   Attorney at Law
2  2366 Front Street
   San Diego, CA  92101
3  (619) 338-0507
   E-mail: gtmfadden@hotmail.com
4

5  Attorney for Defendant
   JOSE MARTIN MEDINA-AGUIRRE
6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10                  (HON. WILLIAM Q. HAYES)

11 UNITED STATES OF AMERICA,    )   Crim. Case No. 08CR2420-WQH
                                )
12              Plaintiff,      )   DECLARATION OF DEFENDANT
                                )   REGARDING MOTION TO SUPPRESS
13      v.                      )
                                )
14 JOSE MARTIN MEDINA-AGUIRRE,  )
                                )
15              Defendant.      )   NCD:  September 8, 2008
                                )         at 2:00 p.m.
16

17     I, JOSE MARTIN MEDINA-AGUIRRE, hereby state, under penalty of perjury, that:

18     1.   I am the defendant charged in the above-captioned case.

19     2.   On April 29, 2008, I was detained at primary inspection and taken into custody at
20 secondary at the Calexico Port of Entry by U.S. Border Patrol Police.

21     3.   I was questioned and made statements regarding my attempted entry into the
22 United States.

23     4.   Later, I was given warnings, questioned again, and again made statements.

24     Executed this 25th day of August, 2008, at San Diego, California.

25

26                                           _____
                                             JOSE MARTIN MEDINA-AGUIRRE
27

28


EXHIBIT A

GERALD T. McFADDEN (SBN 87446)
Attorney at Law
2366 Front Street
San Diego, CA  92101
(619) 338-0507
E-mail:  gtmfadden@hotmail.com

Attorney for Defendant
JOSE MARTIN MEDINA-AGUIRRE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. WILLIAM Q. HAYES)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. Case No. 08CR2420-WQH |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE MARTIN MEDINA-AGUIRRE, | ) | |
| | ) | |
| Defendant. | ) | NCD:  September 8, 2008 |
| | ) | at 2:00 p..m. |

IT IS HEREBY CERTIFIED THAT:

    I, GERALD T. McFADDEN, am a citizen of the United States and am at least eighteen years of age.  My business address is 2366 Front Street, San Diego, California 92101.

    I am not a party to the above-entitled action.  I have caused service of the NOTICE OF MOTION AND MOTION TO SUPPRESS STATEMENTS; STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION, and CERTIFICATE OF SERVICE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notified them

    1.    Assistant United States Attorney Stephen F. Miller

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2008.

                        s/Gerald T. McFadden
                        GERALD T. McFADDEN, Attorney for
                        Defendant JOSE MARTIN MEDINA-AGUIRRE
                        E-mail:  gtmfadden@hotmail.com