KAREN P. HEWITT
United States Attorney
STEVE MILLER
Assistant U.S. Attorney
California State Bar No. 138020
United States Courthouse
940 Front Street, Room 5152
San Diego, California  92189-0150
Telephone: (619) 557-5432
email: steve.miller2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSE MARTIN MEDINA-AGUIRRE,<br><br>　　　　　　　Defendant. | Criminal Case No. 08cr2420-WQH<br><br>DATE: September 8, 2008<br>TIME: 2:00 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS TO:<br><br>(1)　SUPPRESS STATEMENTS;<br>(2)　DISMISS INDICTMENT BASED<br>　　　ON INSUFFICIENT ALLEGATIONS<br><br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENTS MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steve Miller, Assistant United States Attorney, and hereby files its response and opposition to defendants' above-referenced motions. Said response is based upon the files and records of this case, together with the attached statement of facts, memorandum of points and authorities.

//

//

I

STATEMENT OF FACTS

On November 7, 1990, defendant JOSE MARTIN MEDINA-AGUIRRE was convicted of 8 counts of California Penal Code, Section 288 and 289, and was sentenced to 8 years in state prison.

Subsequently, defendant was deported on April 25, 2008.  This deportation was ordered after defendant litigated the deportation before the immigration court.  Copies of the immigration documents and Immigration Board of Appeals briefing and decision have been provided to defendant.

Four days later, on April 29, 2008, at approximately 1:30 p.m., defendant went to the pedestrian primary inspection area at Calexico Port of Entry and presented a DSP-150 Laser Visa card bearing the name of "Jorge Alberto Singh-Ibarra."  CBP Officer Garcia examined the card and observed that defendant did not appear to be the same individual whose picture was on the card.  Defendant was referred to secondary for further inspection.

Once the officers determined defendant's true identity, he was advised of his <u>Miranda</u> rights.  Defendant waived his <u>Miranda</u> rights and told the officers that he was a Mexican citizen who was born in Guadalajara, Jalisco, Mexico.  He admitted that he had been previously deported from the United States and that he bought the DSP-150 card from someone in Mexico.

//
//
//
//
//

II

POINTS AND AUTHORITIES

A.    THE GOVERNMENT WILL ESTABLISH THAT DEFENDANT'S
      STATEMENTS WERE IN COMPLIANCE OF MIRANDA

Defendant moves this court to suppress his statements because they were obtained in violation of his <u>Miranda</u> rights.  The Government is aware of this court's practice of requiring a declaration in support of a defendant's motion to suppress statements.  The purpose of requiring the declaration is to define any factual issues in dispute so that this court can narrow the focus of its inquiry.  Absent a declaration, defendant's motion to suppress his post arrest statement should be summarily denied.

In the present case, defendant did submit a declaration in support of his motion to suppress his statements.  However, the contents of the declaration is insufficient to justify an evidentiary hearing because it does not raise any issues in controversy.  Essentially, defendant asserts that he was the person arrested on April 29, 2008 and that he answered questions.  Defendant even acknowledges that later that day, he was given his warning and made statements in response to questions.  No where in the declaration does defendant dispute that he was advised of his right or assert there was some deficiency with the rights.  Nor does the declaration assert that he ever invoked his rights.  Consequently, defendant's declaration does not raise any substantial issues in controversy justifying a hearing.

//

//

//

1    Additionally, defendant was video taped acknowledging each of his
2    rights and agreeing to speak with the agents.    Upon this courts
3    request, the Government will submit a copy of the video recorded
4    statement for this court's review.

5        B.    THE INDICTMENT IS SUFFICIENT

6        Defendant argues that the Court should dismiss the indictment
7    because it does not allege which subsection of 1326(b) that he
8    violated.    Defendant argues that each of the four subparagraphs of
9    1326(b) contain different material facts that fix a different higher
10   maximum penalty than that set out by 1326(a).    Defendant argues that
11   each of the 1326 (b) subsections are a separate crime, and because the
12   particular subsection of 1326(b) was not set forth in the indictment,
13   that it is insufficient.    This interpretation of 8 U.S.C. § 1326(b)
14   is foreclosed by Almendarez-Torres v. United States, 523 U.S. 233, 235
15   (1998) which holds that the subsections under 1326(b) are not separate
16   crimes, but sentencing factors that need not be alleged in the
17   indictment. Defendant's arguments are foreclosed by Almandarez-Torres
18   and subsequent Ninth Circuit caselaw applying the holding in
19   Almendarez-Torres. United States v. Martinez-Martinez, 295 F.3d 1041,
20   1043 (9th Cir. 2002) (rejecting argument that "§ 1326 is
21   unconstitutional under Apprendi"); United States v. Fresnares-Torres,
22   235 F.3d 481, 482 (9th Cir. 2000) ("Apprendi therefore preserved the
23   specific holding of Almendarez-Torres . . . that 8 U.S.C. § 1326(b)(2)
24   -- the subsection increasing the penalty for previous deportation
25   following conviction of an aggravated felony -- was a mere penalty
26   provision for recidivist behavior and did not define a separate
27   offense."); United States v. Bonilla-Munqia, 422 F.3d 316, 318-19 (5th
28   Cir. 2005) (rejecting argument that the sentencing enhancement

4                                              08cr2420-WQH

provisions of 8 U.S.C. § 1326(b) are facially unconstitutional because Almendarez-Torres has been undercut by Apprendi).

Almendarez-Torres "stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged." Pacheco-Zepeda, 234 F.3d at 413-14 (quoting Jones v. United States, 526 U.S. 227, 248 (1999)). See also, United States v. Valle-Montalbo, 474 F.3d 1197, 1201 (9th Cir. 2007); United States v. Tighe, 266 F.3d 1187, 1191 (9th Cir. 2001) ("Under the current state of the law, the Constitution does not require prior convictions that increase a statutory penalty to be charged in the indictment."); United States v. Reyes-Pacheco, 248 F.3d 942, 944 (9th Cir. 2001) ("The district court did not err by considering Reyes-Pacheco's prior aggravated felony conviction despite the fact that such conduct was . . . [not] charged in the indictment.")

Because the subsection (b) factors are penalty provisions, they need not be alleged in the indictment. The indictment was not, therefore, insufficient.

C.    THE INDICTMENT PROPERLY TRACKS THE STATUTE AND SUFFICIENTLY INFORMED DEFENDANT OF THE CHARGES AGAINST HIM

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 7(c)(3) states that an error in the indictment is not a ground for dismissal if it "did not mislead the defendant to the defendant's prejudice." Rule 7(c) was intended to introduce "a simple form of indictment." Advisory Committee Notes to Subdivision (c), Fed. R. Crim. P. 7 (2002). The Ninth Circuit has held that an indictment is generally

5

1   appropriate if it sets forth the offense in the words of the statute
2   itself.  United States v. Musacchio, 968 F.2d 782, 787 (9th Cir. 1991)
3   (indictment that tracks the statute itself is generally sufficient);
4   United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986).  In
5   fact, an indictment which tracks a statute's language is presumptively
6   valid as drafted.  Musacchio, 968 F.2d at 787.

7       In Musacchio, this Court reasoned that in judging the sufficiency
8   of the indictment, a court must determine whether the indictment
9   adequately alleges the elements of the crime and whether the defendant
10  was fairly informed of the charges against him, so the defendant can
11  defend himself against the charge and be protected against a
12  subsequent prosecution for the same act.  Id.; United States v.
13  Jenkins, 785 F.2d 1387, 1392 (9th Cir. 1986), United States v.
14  Buckley, 689 F.2d 893, 897 (9th Cir. 1982).  The Government was
15  required to state only the essential facts necessary to inform
16  Musacchio of the crime charged.  Musacchio, 968 F.2d at 787;
17  United States v. Markee, 425 F.2d 1043, 1047-48 (9th Cir. 1970).  With
18  respect to violation of 8 U.S.C. § 1326, an indictment that alleges
19  that the defendant is a deported alien, subsequently found in the
20  United States without permission, suffices.  United States v. Jackson,
21  72 F.3d 1370, 1380 (9th Cir. 1995).

22      In this case, the Indictment charging Defendant of being a
23  deported alien found in the United States properly tracked the
24  statutory language of 8 U.S.C. §1326 and sufficiently informs him of
25  charges.  The Indictment states:
26  //
27  //
28  //

6                                    08cr2420-WQH

1
2
3
4
5
6

> On or about May 29, 2008, within the Southern District of California, defendant JOSE MARTIN MEDINA-AGUIRRE, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

7
8

> It is further alleged that defendant JOSE MARTIN MEDINA-AGUIRRE was removed from the United States subsequent to June 30, 1989.

9  The Indictment clearly places Defendant on notice of the crime charged

10 against him and allows him to adequately defend himself against the

11 charge.

12    Consistent with the thrust of Rule 7, there generally are no

13 "magic" words required in indictments, and defendants are not entitled

14 to have a charge reflect the wording of their choice so long as, at

15 minimum, they are given notice of the elements.  "[T]he test of

16 sufficiency of the indictment is not whether it could have been framed

17 in a more satisfactory manner, but whether it conforms to minimal

18 constitutional standards." United States v. Hinton, 222 F.3d 664, 672

19 (9th Cir. 2000); see also Davis v. United States, 347 F.2d 378, 379

20 (10th Cir. 1965) (there is no "magic" way of alleging mens rea);

21 Hagner, 285 U.S. at 431 (courts should not ask "whether it [the

22 indictment] could have been made more definite and certain, but

23 whether it contains the elements of the offense").  An indictment that

24 sets forth the charged offense in the words of the statute itself is

25 generally sufficient.  United States v. Johnson, 804 F.2d 1078, 1084

26 (9th Cir. 1986).

27    Defendant's asserts that the "material fact possibilities and

28 variations under § 1326(b) are so numerous and material fact

7

allegations so absent" that he cannot defend himself.  This assertion

is without merit.  Defendant cites no case law, or statute to support

his position.  His position is, in fact, contrary to the prevailing

Ninth Circuit case law.  The Indictment sufficiently tracks the

language of the statute.  The subcategories of § 1326 are sentencing

factors that need not be alleged in the indictment.  The indictment

is sufficient, it is not vague nor is it duplicitous.

> D.    THE GOVERNMENT'S MOTION FOR RECIPROCAL
>        DISCOVERY SHOULD BE GRANTED

> 1.    Rule 16(b)

The defendant has invoked Federal Rule of Criminal

Procedure 16(a) in his motion for discovery.  In addition, the

Government voluntarily will comply with the requirements of Federal

Rule of Criminal Procedure 16(a).  Thus, the 16(b) provision of that

rule are operable as to defendant.

The Government, pursuant to Rule 16(b), hereby requests the

defendant to permit the Government to inspect, copy, and photograph

any and all books, papers, documents, photographs, tangible objects,

or make copies of portions thereof, which are within the possession,

custody or control of defendant and which he intends to introduce as

evidence in his case in chief at trial.

The Government further requests that it be permitted to inspect

and copy or photograph any results or reports of physical or mental

examinations and of scientific tests or experiments made in connection

with this case, which are in the possession or control of the

defendant, which he intends to introduce as evidence in chief at the

trial or which were prepared by a witness whom the defendant intends

to call as a witness.  The Government also requests that the Court

1  make such orders as it deems necessary under Rule 16(d)(1) and (2) to

2  ensure that the Government receives the discovery to which it is

3  entitled.

2.  <u>Rule 26.2</u>

5  Federal Rule of Criminal Procedure 26.2 requires the production

6  of prior statements of all witnesses except the defendant.  The Rule

7  thus provides for the reciprocal production of Jencks statements.  As

8  stated in pertinent part:

> After a witness other than the defendant has testified on
> direct examination, the court, on motion of a party who did
> not call the witness, shall order the attorney . . . to
> produce, for the examination and use of the moving party,
> any statement of the witness that is in their possession .
> . . .

13  Fed. R. Crim. P. 26.2(a).

14  The time frame established by the Rule requires the statement to

15  be provided after the witness has testified, as in the Jencks Act.

16  Therefore, the Government hereby requests that defendant be ordered

17  to supply all prior statements of defense witnesses by a reasonable

18  date before trial to be set by the court.  This order should include

19  any form these statements are memorialized in including, but not

20  limited to, tape recordings, handwritten or typed notes and reports.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

III

<u>CONCLUSION</u>

For the foregoing reasons, the Government respectfully requests that defendant's motions be denied and the Government motions be granted.

DATED:  September 2, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

S/Steve Miller

STEVE MILLER
Assistant U.S. Attorney

08cr2420-WQH

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08cr2420-WQH |
| ) | |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| v. ) | |
| ) | |
| JOSE MARTIN MEDINA-AGUIRRE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

IT IS HEREBY CERTIFIED THAT:

I, Steve Miller, am a Citizen of the United States over the age of eighteen years and a resident of San Diego county, California.  My business address is 880 Front Street, San Diego, California 92101-8893.  I am not a party to the above-entitled action.  I have caused service of the Government's Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies them.

1.   Gerry McFadden

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case n/a the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  September 2, 2008

s/Steve Miller
STEVE MILLER